# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1749V

|  |  |
|---|---|
| ELIZABETH JACKMAN,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 30, 2024 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Eleanor Hanson, U.S. Department of Justice, Washington, DC, for Respondent.*

### RULING ON ENTITLEMENT[1]

On October 5, 2023, Elizabeth Jackman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on September 30, 2022. Petition at 1. Petitioner further alleges that she has suffered the residual effects of her vaccine-related injury for more than six months. Petition at ¶ 11. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 20, 2024, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c)

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Report at 1. Respondent states that "in light of the Chief Special Master's fact ruling and medical record evidence submitted in this case, DICP has concluded that Petitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and Qualifications and Aids to Interpretation ("QAI") for SIRVA. Specifically, Petitioner had no recent history of pain, inflammation, or dysfunction of her right shoulder that explains her post-vaccination presentation; the onset of pain occurred within forty-eight hours after receipt of an intramuscular vaccination; the pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain Petitioner's right shoulder pain." *Id.* at 5. Respondent further agrees that "based on the record as it now stands, Respondent does not dispute that Petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master